Crew, J.
It appears from the statements of defendant’s answer that he refuses to obey the order of said court, and to certify said cause to the court of common pleas of Wayne county, on the ground that the Hon. George Coyner, the judge who made said order and allowed said change of venue in the case of Wade Armentrout against William W. Gurley et al., was, at the time of making said order and granting said change, disqualified to sit as a judge in said cause, *5 and was disqualified to make said order, by reason of the fact tliat an affidavit of disqualification, as provided by Section 550, Bevised Statutes, bad theretofore been filed against him by said Wade Armentrout, plaintiff in said cause.
To the answer of respondent herein the relator demurs, and the question here for determination is, Are the facts set up in defendant’s answer a sufficient justification to him for his refusal to obey the order so made and entered by Judge Coyner? We are unanimous in the opinion that they are not.
It affirmatively appearing from the undisputed facts in this case that Judges Dirlam and Campbell were both disqualified to sit in said cause of Armentrout against Gurley et al., and that they were the only judges of the court of common pleas residing within the third subdivision of the sixth judicial district, it became and was the duty of Judge Eason, as supervising judge of said district, having notice of these facts, to designate and assign a judge from another subdivision of said district, to hear the motion pending in said cause for change of venue. Such supervising judge assigned to this duty Judge George, Coyner, of Delaware county, who heard and sustained said motion, and made the following entry in said cause: “The court, on consideration of said motion for change of venue sustains the same, and it is ordered that the place of trial be, and the same hereby is changed to the county of Wayne. It is therefore directed that the clerk of this court transmit to the clerk of the court- of common pleas of Wayne county the pleadings and papers in this case, with a certified copy of this order.” This entry the clerk refused to journalize and refused, as directed in said entry,- to transmit to .the clerk of the court of common pleas *6 of Wayne county the papers and pleadings in said cause.
Section 4965, Revised Statutes, provides: “The clerk of each of the courts shall exercise the powers conferred and perform the duties enjoined upon him by statute and by the common law; and in the performance of his duties he shall be under the direction of his court.”
Section 5831, Revised Statutes, provides, in part, that “All judgments and orders must be entered-on the journal of the court, * * * .”
Section 4962, Revised Statutes, is as follows: “The ■clerk shall keep the journals, records, books, and papers appertaining to the court, and record its proceedings.”
The order made by Judge Coyner, and compliance with which is here sought to be enforced, was an order made by a judge duly assigned to hear said cause, was such an order of the court as is authorized by Section 5029, Revised Statutes, and it does not lie with respondent in this proceeding to challenge either the validity of such order, or the authority and jurisdiction •of the court that made it. The duties of the clerk of the court of common pleas are ministerial and non-judicial. If the jurisdiction to hear and determine the motion for change of venue in said cause was wrongfully assumed by Judge Coyner, the plaintiff in that case, Wade Armentrout, has an appropriate remedy in error, but no right of this respondent is so affected by such order, nor has he any such interest in the order, or the cause in which it was made, as that he may, in this proceeding, question its regularity or the authority of the court to make it.
By section 4962, supra, it is made the imperative duty of the clerk to record thejproceedings of the court. *7 When he refuses to do this, and performance of such duty is sought to be enforced by a proceeding in mandamus, such clerk cannot set up as a defense, and have tried in such proceeding, the invalidity of the order or judgment he refuses to record, or the want of jurisdiction of the court to make such order, or to enter such judgment.

Peremptory writ of mandamus allowed.

Burket, C. J., Spear, Davis, Shauck and Price, JJ., concur.